UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PACIFIC COAST MARINE WINDSHIELDS LIMITED, a foreign corporation,<br><br>Plaintiff,<br>v.<br><br>MALIBU BOATS, LLC, a California limited liability company; MARINE HARDWARE, INC., a Washington corporation, TRESSMARK, INC. d/b/a LIQUID SPORTS MARINE, a Florida corporation, MH WINDOWS, LLC, a Washington limited liability company, and JOHN F. PUGH, an individual,<br><br>Defendants. | Civil Action No.: 6:10-cv-1285-28-DAB |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGMENT
## JURY DEMANDED

Plaintiff Pacific Coast Marine Windshields, Ltd., by and through its attorneys of record, hereby alleges as follows:

### Jurisdiction and Venue

1. This is an action for patent infringement, copyright infringement and misappropriation of trade secrets. It arises under the patent and copyright laws of the United States, specifically 35 U.S.C. §§ 271 and 281 and 17 U.S.C. § 501

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as this is an action between citizens of a State and a citizen of a foreign state where the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

1

4.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

### The Parties

5.  Plaintiff Pacific Coast Marine Windshields, Ltd. ("Pacific Coast Marine" or "Plaintiff") is a Canadian corporation with its principal place of business in Vancouver, British Columbia, Canada. Pacific Coast Marine manufactures windshields for small boats and personal watercraft.

6..  Defendant Malibu Boats, LLC ("Malibu Boats") is a California limited liability company with its principal place of business at 1 Malibu Court, Merced, CA 95341. Malibu Boats manufactures small boats such as ski boats.

7..  Defendant Marine Hardware, Inc. ("Marine Hardware") is a Washington corporation with its principal place of business at 5 Aviator Way, Ormond Beach, Florida 32174. Marine Hardware manufactures and supplies windshields for boats.

8..  Defendant MH Windows, LLC ("MH") is a Washington limited liability company.

9..  John F. Pugh is an individual. He controls Marine Hardware and MH.

10..  Defendant Tressmark, Inc. d/b/a Liquid Sports Marine ("Liquid Sports Marine") is a Florida corporation with its principal place of business at 8650 E. Colonial Drive, Orlando, Florida 32817.

### Background

11.  Since 1989, Darren Bach, through his company Pacific Coast Marine, has been in the business of designing and manufacturing windshields for small boats and personal watercraft. Over the years Mr. Bach has created a large number of innovative designs. One such innovative design invented by Mr. Bach was the hidden marine windshield mounting system. The invention

2

provides a curved windshield mounting system for small boats in which, among other things, the mounting hardware is hidden behind the windshield.

12. Mr. Bach applied for a United States patent on August 29, 2005, and on September 2, 2008 the application resulted in U.S. Patent No. 7,418,917 (the "'917 patent"). Exhibit A. The '917 patent was licensed exclusively to Pacific Coast Marine. Among other things, the exclusive license grants "all substantial rights in and to the Patents…including the right to sue for and collect past, present and future damages and to obtain injunctive and any other relief for infringement of the Patents."

13. Malibu Boats became aware of Pacific Coast Marine's new design, and was very eager to include the design in Malibu's new line of small boats in 2006. Malibu Boats is a very large customer, and exerted a great deal of pressure on Pacific Coast Marine to rush its design into commercial production. Production began in the spring of 2006, and the first shipment of sixunits was in June 2006. Very quickly, Pacific Coast Marine was supplying up to 200 windshields a month to Malibu Boats.

14. Pacific Coast Marine also developed at great expense methods of manufacturing the windshields, including methods of efficiently aligning and assembling windshield components. These manufacturing methods constitute trade secrets.

15. Pacific Coast Marine developed manufacturing drawings for the windshields using computer-aided drafting ("CAD") software. The CAD software files containing Pacific Coast Marine's manufacturing drawings and information were registered with the United States Copyright Office, and have registration numbers VAu 956-510 and TXu 1-571-279. The CAD software files also contained trade secrets belonging to Pacific Coast Marine.

16. During the winter of 2006/2007, it was discovered that cold weather could cause cracking problems with the new hidden mounting window systems. Pacific Coast Marine and Malibu Boats began working together to find a solution to the problem. In the course of attempting to solve the problem and effect repairs for the damaged windshields, Pacific Coast Marine gave the CEO of Malibu Boats, Robert Alkema, access to its current manufacturing drawings and specifications in its CAD files. Pacific Coast Marine Windshields also provided Mr. Alkema with access to its plant and to its manufacturing techniques which were trade secrets. Mr. Alkema knew that the CAD files were the confidential property of Pacific Coast Marine. In addition, Mr. Alkema knew that the manufacturing techniques were trade secrets and also belonged to Pacific Coast Marine.

17. In addition, in December 2006, Pacific Coast Marine sent drawings of the corner post for its vent wing windshields to Marine Hardware so that Marine Hardware could provide a quote for an injection molded corner post.

18. Pacific Coast Marine developed a solution to the cracking problem, and replaced the damaged windshields previously installed on Malibu Boats. Nevertheless, without Pacific Coast Marine's permission, Robert Alkema and Malibu Boats copied the CAD files and provided the confidential manufacturing drawings and manufacturing trade secrets to Marine Hardware, John F. Pugh and/or MH to manufacture windshields for Malibu Boats. Marine Hardware provided Pacific Coast Marine's confidential drawings and trade secrets to MH to manufacture and sell duplicates of Pacific Coast Marine's windshields to Malibu Boats. Marine Hardware has also aided and abetted the misappropriation of Pacific Coast Marine's trade secrets by MH. John F. Pugh formed MH Windows for the purpose of misappropriating Pacific Coast Marine's intellectual property. John F. Pugh transferred or caused Pacific Coast Marine's confidential

4

drawings and trade secrets to be transferred to MH to manufacture and sell duplicates of Pacific Coast Marine's windshields to Malibu Boats.

19. On information and belief, the windshields or components of the windshields are being manufactured by MH in China using Pacific Coast Marine's registered copyrighted drawings and trade secrets. MH imports the infringing windshields into the United States, or imports the windshield components into the United States and assembles them in the United States. MH sells the windows to Malibu Boats for installation on Malibu's boats. Malibu Boats subsequently distributes boats with infringing windshields nationwide, including in this district, through Malibu's well-established distribution system. One such distributor is Liquid Sports Marine.

20. The actions of Malibu Boats, Marine Hardware, John F. Pugh and MH Windows have been and are being taken with full knowledge of the '917 patent, and constitute infringement of the '917 patent. The actions of the above-mentioned defendants also constitute an intentional and malicious misappropriation of Pacific Coast Marine Windshield's proprietary and confidential manufacturing trade secrets and copyright infringement of its drawings.

### First Cause of Action: Patent Infringement - Malibu Boats
### (35 U.S.C. §271)

21. Plaintiff repeats the allegations of paragraphs 1 through 20.

22. Malibu Boats has been infringing and continues to infringe the '917 patent under 35 U.S.C. §271(a) by making, using, offering for sale and selling without authorization products including defendants' windshields which embody one or more claims of the '917 patent. Models of Malibu boats incorporating infringing windshields include, but are not limited to, the Sunscape, Response, Wakesetter and Axis series

23. Plaintiff also alleges that the Malibu Boats has intentionally induced others, including the customers of Malibu Boats and dealers of Malibu Boats, and including defendant Liquid Sports Marine, to infringe Plaintiff's patent under 35 U.S.C.§271(b), nationally and in this district by establishing a network of distributors offering for sale to customers boats which Malibu Boats knows are infringing, by selling, offering for sale and otherwise supplying boats which Malibu Boats knows are infringing to those distributors for sale to customers, and by advertising boats which Malibu Boats knows infringe Plaintiff's '917 patent. Defendant Malibu Boats will continue to make, use, sell, and offer for sale infringing products and to induce others to infringe unless restrained by this Court.

24. Even if Malibu Boats' products do not literally infringe the '917 patent, they are substantially similar to the inventions claimed in the '917 patent and therefore infringe under the doctrine of equivalents.

25. Malibu Boats has derived and will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiff. Further, with respect to the '917 patent, such acts of infringement were made with knowledge of the patent and thus were committed intentionally and willfully. By reason of the above acts of infringement, Plaintiff has been and will continue to be damaged in an amount to be determined at trial.

26. This is an exceptional case under 35 U.S.C. § 284.

### Second Cause of Action: Patent Infringement – MH and John F. Pugh (35 U.S.C. §271)

27. Plaintiff repeats the allegations of paragraphs 1 through 26.

28. MH has been infringing and continues to infringe the '917 patent under 35 U.S.C. §271(a) by importing, making, using, offering for sale and selling without authorization products, including MH's windshields, which embody one or more claims of the '917 patent. The windshields manufactured by MH that infringe are incorporated and sold in the Sunscape, Response, Wakesetter and Axis series of boats manufactured by Malibu.

29. Plaintiff also alleges that MH has intentionally induced others, including the customers of Malibu Boats and dealers of Malibu Boats, and including defendant Liquid Sports Marine, to infringe Plaintiff's '917 patent under 35 U.S.C. §271(b) in this district and elsewhere by selling and otherwise supplying windshields knowing they infringe Plaintiff's patent to Malibu Boats for incorporation into its boats which are offered for sale and sold through a network of distributors. Plaintiff alleges, on information and belief, that MH will continue to make, use, sell, and offer for sale infringing products unless restrained by this Court.

30. John F. Pugh has been infringing and continues to infringe by causing MH to import, make, use, sell and offer for sale without authorization products, including MH's windshields, which embody one or more of the claims of the '917 patent.

31. Even if MH's products do not literally infringe the '917 patent, they are substantially similar to the inventions claimed in the '917 patent and therefore infringe under the doctrine of equivalents.

32. MH has derived and will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiff. Further, with respect to the '917 patent, such acts of infringement were made with knowledge of the patent and thus were committed intentionally and willfully. By reason of the above acts of

infringement, Plaintiff has been and will continue to be damaged in an amount to be determined at trial.

### Third Cause of Action: Patent Infringement - Liquid Sports Marine (35 U.S.C. §271)

33. Plaintiff repeats the allegations of paragraph 1 through 32.

34. Liquid Sports Marine has been infringing and continues to infringe the '917 patent under 35 U.S.C. §271(a) by offering for sale and selling without authorization products, including boats made by Malibu Boats, which embody one or more claims of the '917 patent. Models of Malibu boats incorporating infringing windshields include, but are not limited to, the Sunscape, Response, Wakesetter and Axis series

35. Even if Liquid Sports Marine's products do not literally infringe the '917 patent, they are substantially similar to the inventions claimed in the '917 patent and therefore infringe under the doctrine of equivalents.

36. Liquid Sports Marine has derived and will continue to derive and receive from the above alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiff. Further, with respect to the '917 patent, such acts of infringement were made with knowledge of the patent and thus were committed intentionally and willfully. By reason of the above acts of infringement, Plaintiff has been and will continue to be damaged in an amount to be determined at trial.

### Fourth Cause of Action: Misappropriation of Trade Secrets

37. Plaintiff realleges paragraphs 1 through 36 above.

38.   Pacific Coast Marine's CAD files for its windshields contained valuable, confidential information which was developed at considerable expense and which is not known to the general public and is not readily ascertainable by proper means. Pacific Coast Marine took reasonable steps to maintain the confidentiality of the information in the CAD files and its other manufacturing processes. Those steps included but are not limited to obtaining confidentiality agreements from employees, limiting access to Pacific Coast Marine's plant, maintaining CAD files on a secure, password protected computer, and limiting access to the CAD files.39. Pacific Coast Marine also used techniques of manufacturing, including methods of aligning components for assembly, which were valuable and developed at considerable expense, were not generally known and were not readily ascertainable by proper means. Pacific Coast Marine took all reasonable steps to maintain the confidentiality of its manufacturing techniques.

40.   Robert Alkema and Malibu Boats were aware that Plaintiff's CAD files and manufacturing techniques were confidential and proprietary to Plaintiff. Malibu Boats, under the guise of assisting Pacific Coast Marine in developing a repair for problems encountered with its windshields, misappropriated Plaintiff's trade secrets. Malibu Boats, through its President, Robert Alkema, disclosed Pacific Coast Marine's trade secrets to Marine Hardware and John F. Pugh without permission for the purpose of having Marine Hardware supply windshields to Malibu Boats. Marine Hardware, John F. Pugh and MH were also aware that the corner post drawings supplied by Pacific Coast Marine and the CAD files and other information supplied by Robert Alkema were confidential trade secrets of Pacific Coast Marine. John Pugh formed MH for the purpose of misappropriating Pacific Coast Marine's trade secrets. Marine Hardware has disclosed and John F. Pugh disclosed or caused Marine Hardware to disclose Plaintiff's trade

secrets to MH to manufacture or to cause to be manufactured windshields for sale to Malibu Boats without Plaintiff's permission. John F. Pugh caused MH to use and MH used Pacific Coast Marine's trade secrets to manufacture windshield components and windshields for sale to Malibu Boats.

41. Pacific Coast Marine has suffered and will continue to suffer harm and damages as a result of defendants' misappropriation of its trade secrets. The misappropriation by Malibu Boats, Marine Hardware, John F. Pugh and/or MH was willful and malicious.

### Fifth Cause of Action: Willful Copyright Infringement
### (17 U.S.C. § 501)

42. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41.

43. Plaintiff complied with all relevant provisions of the U.S Copyright Act in securing rights and privileges associated with the copyrights in its manufacturing drawings contained in its CAD files, which have been registered with the U.S. Copyright Office. Pacific Coast Marine is the rightful owner of U.S. Copyright Registration Numbers VAu 956-510 and TXu 1-571-279

44. Defendants Malibu Boats, MH and Marine Hardware have copied, used, distributed and prepared derivative works of the CAD files without permission from Pacific Coast Marine.

45. Such copying, distribution, use and preparation of derivative works constitutes copyright infringement under 17 U.S.C. §501(a), and has been and continues to be willful and intentional.

46. In addition, John F. Pugh controls MH and/or Marine Hardware and has profited and otherwise benefited from their acts of infringement.

47.  Defendants' acts of infringement have caused and continue to cause damage and irreparable harm to Plaintiff, in an amount to be determined at trial.

### Demand for Relief

Wherefore Plaintiff prays for relief as follows:

a) that the Defendants be judged to have infringed the '917 patent;

b) that this be adjudged to be an exceptional case, and that as such Plaintiff be awarded its attorneys' fees;

c) that Defendants be adjudged to have misappropriated Plaintiff's trade secrets and the the misappropriation was willful and malicious;

d) that Defendants be adjudged to have willfully infringed Plaintiff's copyrights;

e) that Defendants and their officers, agents, servants, employees, attorneys and all other persons acting in concert, participation or privity with them who receive actual notice of the order by personal service or otherwise, and dependants, successors and assigns, be permanently restrained and enjoined from directly or indirectly infringing the '917 patent, from infringing Plaintiff's copyrights and from using or disclosing Plaintiff's trade secrets;

f) for an award for Plaintiff's damages to be determined at trial;

g) for an award of punitive damages and attorneys' fees by reason of Defendants' intentional patent infringement, willful copyright infringement and/or willful misappropriation of trade secrets; and

h) For such other and further relief as this Court shall deem just.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Dated this 11th day of November 2010.

                                                            s/Ava K. Doppelt
Ava K. Doppelt, Esq.
Florida Bar Number 39378
**ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.**
255 S. Orange Ave., Suite 1401
Orlando, Florida 32801
Telephone: 407-841-2330
Fax: 407-841-2343
Email: adoppelt@addmg.com
**Attorney for Plaintiff**


Robert E. Rohde, Esq.
*Admitted Pro Hac Vice*
Rohde & Van Kampen, PLLC
1001 4th Avenue, Suite 4050
Seattle, Washington 98154
Telephone: 206-386-7356
Facsimile: 206-405-2825
Email: brohde@rohdelaw.com

# CERTIFICATE OF SERVICE

I certify that on November 11, 2010, I electronically filed the foregoing document with the Clerk of Court by using the Court's Case Management/Electronic Case Filing System, which will send a Notice of Electronic Filing to the following CM/ECF participants:

W. Barry Blum, Esq.
Florida Bar No. 379301
Martin J. Keane, Esq.
Florida Bar No. 524239
Genovese Joblove & Battista, P.A.
4400 Miami Tower
100 Southeast Second Street
Miami, FL 33126
Telephone: 305-349-2300
Facsimile: 305-349-2310
E-mail: bblum@gjblaw.com
mkeane@gjblaw.com

Dario A. Machleidt, Esq.
Mark P. Walters, Esq.
Frommer Lawrence & Haug, LLP
1191 Second Avenue
20th Floor
Seattle, WA 98101
Telephone: 206-336-5690
Facsimile: 206-336-5691
E-mail: dmachleidt@flhlaw.com
mwalters@flhlaw.com

**Attorneys for Defendants
MARINE HARDWARE, INC.**

Brian M. Berliner, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90017
Telephone: 213-430-7424
Facsimile: 213-430-6407
E-mail: bberliner@omm.com

Guy Stephen Haggard, Esq.
Florida Bar No. 372005
Jeffrey D. Keiner, Esq.
Florida Bar No. 181678
Gray Robinson, P.A.
P.O. Box 3068
Orlando, FL 32802-3068
Telephone: 407-843-8880
Facsimile: 407-244-5690
E-mail: ghaggard@gray-robinson.com
jkeiner@gray-robinson.com

**Attorneys for Defendants
MALIBU BOATS, LLC,
TRESSMARK, INC. d/b/a LIQUID
SPORTS MARINE**