# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST MARINE WINDSHIELDS, | CASE NO. 1:11-cv-01594-LJO-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING MOTION FOR RETRANSFER |
| v. | |
| MALIBU BOATS, *et. al.*, | |
| Defendants. | |

On October 3, 2011, Plaintiff Pacific Coast Marine Windshield's ("PCMW" or "Plaintiff") filed a Motion to Retransfer this action back to the Middle District of Florida. (Doc. 98, 99). On November 2, 2011, Malibu Boats LLC, Marine Hardware, Inc., Tressmark, Inc. d/b/a Liquid Sports Marine, MH Windows, LLC, and John Pugh (collectively "Defendants") filed an opposition to the Motion. (Doc. 113). Plaintiff filed a reply on November 10, 2011. (Doc. 114). The motion was reassigned to Magistrate Judge Barbara A. McAuliffe on October 17, 2011. (Doc. 107). On November 18, 2011, a hearing on the motion was held. Counsel Robert Rohde and Greg Durbin appeared in person on behalf of Plaintiff. Counsel Brian Berliner appeared in person on behalf of Defendants. Having considered the oral argument of counsel, the moving, opposition and reply papers, as well as the Court's file, the Court recommends that PCMW's Motion to Retransfer should be GRANTED.

**BACKGROUND**

Plaintiff PCMW initially filed this suit in the Middle District of Florida alleging that

1

Defendants infringed its patent.[1] PCMW is a Canadian corporation with its principal place of business in Vancouver, British Columbia, Canada. (Doc. 100-2, See Ex. C at 3). PCMW manufactures windows for small boats and personal watercraft. According to PCMW, through its work in design and boat manufacture, it has created a number of patented innovative designs including a design for a "corner post windshield." PCMW sold its "corner post windshield" to Malibu Boats in 2005, but Malibu stopped ordering the windshield in 2008. PCMW believes that its "corner post windshield" is being manufactured in China by Marine Hardware and MH Windows in violation of PCMW's patent. PCMW claims that Malibu, along with the other defendants, infringed its patent by using and selling imitations of its patented windshield. (Doc. 99 at 6; Doc. 69 at 4).

Defendant Malibu Boats is a designer and manufacturer of water sports boats with its principal place of business in Merced, California. (Doc. 69 ¶ 6). Defendants' Marine Hardware and MH Windows are Washington corporations involved in the business of manufacturing small boats and windows, respectively. (*Id.* ¶ 7). Tressmark is one of many distributors used by Malibu to sell its marine boats and windshields. (Doc. 69 ¶ 9). Tressmark is a Florida corporation with its principal place of business in Orlando, Florida. (*Id.* ¶ 19) Finally, Defendant John Pugh is the CEO of Marine Hardware and a fifty-percent owner of MH Windows. (Doc. 46-2 ¶ 2). While Pugh maintains that he is a citizen and resident of the state of Washington, (*Id.*), PCMW maintains that he is a resident of Florida. (Doc. 49 at 1).

On November 29, 2010, Defendants, Malibu Boats LLC, Marine Hardware, Inc., and MH Windows LLC, filed a motion in the Middle District of Florida to transfer this action to the Eastern District of California.[2] (Doc.100, See Ex. A at 2.). Defendants emphasized that the Eastern District of California "is clearly [] more convenient than the Middle District of Florida," the venue chosen

---

[1] This action was originally filed as two actions by PCMW in the United States District Court for the Middle District of Florida. Subsequently, the case was consolidated. (Doc. 100-2, See Ex. C at 3).

[2] Defendants' Motion to Transfer is titled "Joint Motion to Transfer Venue," but the motion was not joined by all of the defendants. (Doc. 69). The moving defendants were Malibu Boats LLC, Marine Hardware, Inc., and MH Windows LLC. Missing from the list of moving parties is Tressmark and John Pugh, the parties over which this court lacks personal jurisdiction.

by Plaintiff. (*Id.*). Defendants also noted that Plaintiff, a Canadian based company, has no presence in the Middle District of Florida and only one defendant, Tressmark, has any meaningful presence in that District.

Ten months after the motion to transfer was filed, the Middle District of Florida concluded that the Eastern District of California was a more convenient forum and transfer was appropriate. (Doc. 100, See Ex. C). On September 20, 2011, the Middle District of Florida granted the defendants' motion to transfer the Florida action to this district pursuant to 28 U.S.C. § 1404(a). In doing so, the Middle District of Florida emphasized that the transfer was necessary to promote the interests of justice, because the alleged acts of infringement and the uncontested evidence of record demonstrates that the vast majority of the activities relating to the alleged infringement took place in and around the Eastern District of California. (Doc. 100, See Ex. C at 12). The California action was docketed in this district the following day on September 21, 2011, as Case No. 11-CV-1594.[3]

In the Middle District of Florida, the parties did not argue that the Eastern District of California lacks personal jurisdiction over some of the defendants. Nonetheless, PCMW now moves this Court to retransfer the case back to the Middle District of Florida on the grounds that this Court lacks personal jurisdiction over defendants Tressmark and John Pugh.

## STANDARD OF RETRANSFER

A Court may "transfer any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a). A court may reconsider a prior ruling of a transferor court when the governing law has been changed by the subsequent decision of a higher court or when new evidence becomes available. *See Crane Co. v. American Standard*, 603 F.2d 244, 248-49 (2d Cir. 1979); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). Reconsideration is also proper when a clear error has been committed

---

[3] Technically, the district court should have allowed the parties time to seek certification or file a mandamus petition before physically transferring the record and divesting the court of jurisdiction over the appeal. *See Wm. A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1974). However, because the record does not indicate that such a petition would have been filed, the court does not address this issue.

3

or when it is necessary to prevent manifest injustice. *See Arizona v. California*, 460 U.S. 605, 618 (1983). When an action is transferred, that which has already been done remains untouched; only further proceedings in the case are referred to another tribunal. *Magnetic Eng'g & Mfg. v. Dings Mfg.*, 178 F.2d 866, 868 (2d Cir.1950) (L. Hand, J.). Under the law of the case doctrine, a transferee court does not directly review either the transfer order or other rulings of the transferor court. *See In re Cragar Indus.*, 706 F.2d 503, 505 (5th Cir.1983); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168-69 (3d Cir.1982) (evaluating § 1406(a) transfer). Nevertheless, "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. at 618.

A motion to retransfer requires the "most impelling and unusual circumstances" or a "manifestly erroneous transfer order" to overcome the law of the case doctrine. *Cragar*, 706 F.2d at 505. "Failure to abide by the original transfer order contains the additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and to the respect due sister courts." *Id.* A plaintiff's choice of forum is ordinarily entitled to considerable deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Nevertheless, in considering retransfer, courts consider whether the original forum is better for reasons which became known after the original transfer order and which were not anticipated. *Cragar*, 706 F.2d 505. In determining whether a case should be retransferred, some courts have also considered whether a transfer would prejudice the parties and the private and public interests implicated by a transfer of venue. *See Scarborough v. Nat'l Ass'n of Surety Bond Producers*, 474 F. Supp. 2d 64, 73 (D.D.C. 2007).

**DISCUSSION**

PCMW contends that personal jurisdiction is not proper in the Eastern District of California for defendants Pugh and Tressmark. PCMW argues the Middle District of Florida should not have transferred the case under section 1404(a), and therefore this court should retransfer the case. In support of its motion, PCMW relies on the proposition that "retransfer of a case to the original venue is required where transfer was not proper or appropriate." *Illinois Union Insurance Co. v. TriCore Inc.*, 191 F. Supp. 2d 794, 800 (N.D. Tex. 2002) (court retransferred case because defendants did not

demonstrate court had personal jurisdiction over all defendants.). Defendants argue that there are no "impelling or unusual circumstances" that require this court to retransfer back to the Middle District of Florida and that in the alternative, retransfer is improper because Plaintiff failed to raise the jurisdiction issue in the Middle District of Florida.

**The Court Lacks Personal Jurisdiction over all Defendants**

The transfer by the Middle District of Florida under Section 1404(a) is only appropriate if the Eastern District of California is a "district in which this action might have been brought." 28 U.S.C. § 1404(a). An action "might have been brought" in a district if that district has: (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). Therefore, transfer is only authorized under this statute if the plaintiff had an "unqualified right" to bring the action in the transferee forum at the time of the commencement of the action; *i.e.*, venue must have been proper in the transferee district and the transferee court must have had jurisdiction over all the defendants. *See id.*; *see also Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

In any motion to transfer, the court must address the threshold question of whether this action could have been brought in the transferee district. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Well-established authority makes clear that a transferee court must have jurisdiction over the defendants in the transferred complaint. *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)). A moving party bears the burden of proof for a transfer of venue. *Shutte,* 431 F.2d at 25. To satisfy this burden, the moving party must first establish that the transferee district is a district in which this action might have been brought." 28 U.S.C. § 1404(a). An action "might have been brought" in a district if the parties would be subject to personal jurisdiction in the transferee court. *Hoffman*, 363 U.S. at 344; *Shutte*, 431 F.2d at 24. It was the defendants' burden, as the moving party, to prove to the Middle District of Florida that the Eastern District of California had personal jurisdiction over each defendant and that venue was proper in this district. *Id.; see also NCO Fin. Sys. v. General Bar, Inc.*, 2011 U.S. Dist. LEXIS 88504 (N.D. Ohio Aug. 10, 2011) (Defendant's motion to transfer venue failed because moving defendant could not show that the transferee court had personal jurisdiction over all defendants).

5

In reviewing the personal jurisdiction of all the defendants, the Middle District of Florida found that "the parties do not dispute that this action could have been brought in the Eastern District of California." (Doc. 113 at 3). In Defendants' Joint Motion to Transfer in the Middle District of Florida, moving defendants' stated "[w]hile Tressmark and John Pugh are not subject to personal jurisdiction in the EDCA, both parties consent to transferring this action to the EDCA." (Doc. 100-1 at 6). Defendants also noted in a minor footnote that "Mr. Pugh consents to the transfer of this case to the EDCA, but reserves the right to move for dismissal of PCMW's claims for lack of personal jurisdiction and improper venue pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(3)." *Id.* at 6, n. 3.

Section 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over each of the defendants, even if the defendant consents to suit. *See Hoffman,* 363 U.S. at 343-44 (holding court cannot transfer suit to court where personal jurisdiction does not exist over defendants originally, even if defendants later consent to suit). In the motion to transfer venue in the Middle District of Florida, Defendants' conceded that "Tressmark and John Pugh are not subject to personal jurisdiction in the Eastern District of California" and failed to prove personal jurisdiction. (Doc. 100-1, Ex. A at 6). Similarly, in its opposition to the motion to retransfer before this court, Defendants again concede that the Eastern District of California lacks personal jurisdiction over defendants Pugh and Tressmark, but instead ask this court to ignore the lack of personal jurisdiction and apply a common sense interpretation of § 1404(a).[4]

Where Defendants do not meet their burden on a motion to transfer, Supreme Court precedent mandates that the court retransfer this case to the district from whence it came. In

---

[4] Some courts have concluded that under a common sense application of 28 U.S.C. § 1404(a), and to avoid injustice, "there is no absolute bar to the transfer of a multi-defendant suit to a district in which one of the defendants cannot be served." *Wild v. Subscription Plus, Inc.,* 292 F.3d 526, 531 (7th Cir. 2002)(Posner, J.), *cert. denied,* 537 U.S. 1045 (2002) (motion to retransfer denied in a multi-defendant case consisting of 13 defendants even though Wisconsin district court lacked jurisdiction over all defendants. Transferee court considered transferor courts determination that there was no federal district in which all could be served); *see also Wyndham Associates v. Bintliff,* 398 F.2d 614 (2d Cir.), *cert. denied*, 393 U.S. 977 (1968) (court authorized severance and transfer of claims as to less than all defendants in a multi-defendant suit upon a determination that the defendant as to whom venue was improper in the transferee district was only peripherally involved in litigation).

*Hoffman v. Blaski*, the Northern District of Texas transferred the case to the Northern District of Illinois pursuant to Section 1404. *Hoffman*, 363 U.S. at 342. After the Northern District of Texas denied the non-movants' motion to reconsider the transfer, they sought, but were denied, a writ of mandamus from the Fifth Circuit. *Id.* Thereafter, the transferee court of the Northern District of Illinois expressed the view that the "weight of reason and logic" favored "retransfer of this case to Texas" because the action could not have been originally brought in Illinois. *Id.* at 344. Nevertheless, the Illinois court denied the non-movants' motion to retransfer, emphasizing the notion of comity to the Texas court's decision. The Seventh Circuit, in a mandamus proceeding, reversed, finding the action could not have been originally brought in Texas, and the Supreme Court affirmed the decision. The Supreme Court stated the case must be retransferred back to Texas:

> The thesis urged by [the movants] would not only do violence to the plain words of Section 1404(a), but would also inject gross discrimination. That thesis, if adopted, would empower a District Court, upon a finding of convenience, to transfer an action to any district desired by the defendants and in which they were willing to waive their statutory defenses as to venue and jurisdiction over their persons, regardless of the fact that such transferee district was not one in which the action 'might have been brought' by the plaintiff. *Id.*

Applying *Hoffman*, the transferee court in *Illinois Union Insurance Co. v. TriCore Inc.*, although "loathe" to upset the determination of the transferor court, granted the plaintiff's motion to retransfer for failure to establish personal jurisdiction over all the defendants in the transferee court. 191 F.Supp.2d 794, 800. On the motion to retransfer, plaintiff presented the transferee court with sworn verifications of two defendants who represented that they have no contacts with the transferee district. Lack of personal jurisdiction was an issue that was not examined by the transferor court. *Id.* at 798. The *Tri Core* Court held that retransfer was required because the defendants failed to meet its burden to demonstrate to either the transferor or the transferee court that the transferee court had personal jurisdiction over *all* defendants. *Id.* at 800.

Here, like the Court in *Tri Core*, this Court is loathe to upset the determination of the Middle District of Florida and ping pong this case across country. Nonetheless, Defendants cannot carry their burden of proving this case "could have been brought" in the Eastern District of California

7

against *all* of the defendants. No one disputes that this Court lacks personal jurisdiction over all the defendants, and this action could not have been brought in this district. Instead, defendants' argue that even if the Eastern District of California lacks personal jurisdiction, PCMW cannot now challenge lack of personal jurisdiction by this Court because PCMW failed to raise those challenges in the Middle District of Florida. The Court disagrees.

As the moving party in the Middle District of Florida, defendants had the burden of showing by a preponderance of the evidence that transfer was appropriate. Defendants did little more than argue that the Eastern District of California would simply be more convenient for defendants and their witnesses. They did not affirmatively show jurisidiction was proper in the Eastern District of California. *See Market Transition Facility of New Jersey v. Twena*, 941 F.Supp. 462, 467 (D.N.J. 1996) (citing *Ballard Medical Products v. Concord Laboratories, Inc.*, 700 F.Supp. 796, 801 (D.Del. 1988)) ("A court will not grant a transfer simply because the transferee court is more convenient for the defendants…. If the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed."). Defendants did not and cannot carry their burden given the facts of the case. Further, even if PCMW did not mention the jurisdictional challenges in its opposition, the burden of proof remained with defendants to affirmatively demonstrate to the Middle District of Florida that section 1404(a) may properly be applied.

Moreover, retransfer would not work a "manifest injustice" under the circumstances of this case. As the parties acknowledged at the hearing, the Eastern District of California has one of the largest case loads of any federal district in the United States, and the parties were only a few months from trial in Florida. Given the ongoing crisis in this Court created by the crushing case load, and the proximity to trial in Florida, the Court finds that retransferring this case back to the Middle District of Florida will not create a manifest injustice to defendants. Rather, keeping this case may be manifestly unjust to Plaintiff. Personal jurisdiction does not exist and part of Plaintiffs's claims may need to be dismissed, severed, or stayed. Further, a distant trial date is no substitute for a proximate one.

As established in *Hoffman* and *Tri Core*, the defendants failure to satisfy its burden of

establishing that this Court has personal jurisdiction over each of the defendants coupled with defendant' admission that the Eastern District of California lacks personal jurisdiction over all defendants presents clear error. This Court need go no further in its review.[5] Although Plaintiff's motion to retransfer swims against a very strong legal current: the law of the case doctrine, the motion pending before the Court presents the rare exception that would justify retransfer. The decision by the Middle District of Florida is not lightly overturned, *Hayman Cash Register Co,* 669 F.2d at 169. Nonetheless, Defendants are unable to establish personal jurisdiction over all of the defendants, and therefore, this case "could not have been brought in this District." As such, Plaintiff's motion to retransfer should be GRANTED.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's Motion for Retransfer to the Middle District of Florida should be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written

---

[5] Although not addressed fully here, Defendants resist Plaintiff's Motion to Retransfer on several additional grounds. First, according to Defendants, PCMW's claims against Tressmark should be stayed or dismissed until the conclusion of PCMW's case against Malibu in the Eastern District of California. (Doc. 113 at 11). Second, retransfer to the Middle District of Florida is impermissible because the Middle District of Florida lacks personal jurisdiction over all defendants. (Doc. 113 at 11-4). The Court disagrees with Defendants' additional arguments and summarily treats each argument in turn. First, this Court lacks personal jurisdiction over all the defendants and therefore is without power to sever or stay the claims against Tressmark and Pugh. The only court that can order severance is a court with jurisdiction over the entire action, and that court is the Middle District of Florida. *See Ferri v. United Aircraft Corp*, 357 F.Supp.814(D.C. Conn. 1973). Second, addressing Defendants exact argument in *Ferri*, the Court held that an improper transferee court has one task and one task only, to return the case to the proper district. *Id.* Further, Defendants litigated this case in the Middle District of Florida for over 13 months without challenging jurisdiction over any of the defendants. Any argument against jurisdiction now is disingenuous at best.

9

objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)( c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 5, 2011**         /s/ **Barbara A. McAuliffe**
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE