UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PACIFIC COAST MARINE
WINDSHIELDS LIMITED,**

        **Plaintiff,**

v.                                         Case No: 6:12-cv-33-Orl-28DAB

**MALIBU BOATS, LLC, MARINE
HARDWARE, INC., TRESSMARK,
INC., MH WINDOWS, LLC, and JOHN
F. PUGH,**

        **Defendants.**
_____/

## ORDER

Defendants in this patent infringement suit have moved for partial summary judgment on the issue of non-infringement of U.S. Patent No. D555,070 ("the '070 Patent").[1] The case is now before the Court on Defendants' Consolidated Motion for Partial Summary Judgment (Doc. 211), Plaintiff's Opposition (Doc. 253), and Defendants' Reply (Doc. 263).

### I.    Background

The '070 Patent at issue here is a design patent for a boat windshield. Plaintiffs allege that Defendants manufacture and sell a boat windshield with a design that infringes the '070 Patent. In turn, Defendants seek a judgment of non-infringement on

---

[1] The Court notes that Defendants' Consolidated Motion for Partial Summary Judgment also seeks summary judgment on a number of issues in addition to non-infringement of the '070 Patent and that Plaintiff has filed a separate Motion for Summary Judgment (Doc. 176). This Order addresses only the issue of non-infringement of the '070 Patent raised in Defendants' Motion. The Court reserves ruling on all other issues raised in Defendants' Motion and in Plaintiff's Motion for Summary Judgment.

the grounds that prosecution history estoppel[2] bars Plaintiff from claiming that the accused design infringes the '070 Patent.[3]

## II.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable factual inferences in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

---

[2] Plaintiff argues that Defendants have waived the affirmative defense of prosecution history estoppel by asserting it for the first time at the summary judgment stage. (Doc. 253 at 14). In the Eleventh Circuit, however, "if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. When there is no prejudice, the trial court does not err by hearing evidence on the issue." Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989) (quotation marks and internal citation omitted) (upholding district court ruling that permitted affirmative defense to be raised for the first time in a motion for summary judgment); see also Pensacola Motor Sales, Inc. v. E. Shore Toyota, LLC, 684 F.3d 1211, 1222 (11th Cir. 2012) (same). Plaintiff has not suggested that it has suffered any prejudice from Defendants' delay in asserting the prosecution history estoppel defense. Defendants are therefore permitted to raise it.

[3] Defendants also argue as alternative grounds for non-infringement that the '070 Patent is invalid because it omits one or more co-inventors and that Malibu Boats, LLC would have an implied license to the '070 Patent were it valid. Because prosecution history estoppel is dispositive of the non-infringement issue, the Court does not address these alternative grounds for non-infringement.

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" Sawyer, 243 F. Supp. 2d at 1262 (quoting Anderson, 477 U.S. at 251-52).

### III. Analysis

To establish that Defendants' design infringes the '070 Patent, Plaintiff must show that "an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 672 (Fed. Cir. 2008). "[I]nfringement will not be found unless the accused article 'embod[ies] the patented design or any colorable imitation thereof.'" Id. at 678 (quoting Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc., 162 F.3d 1113, 1117 (Fed. Cir. 1998). As the Federal Circuit has explained, this standard subsumes a doctrine of equivalents analysis. See Lee v. Dayton-Hudson Corp., 838 F.2d 1186, 1189-90 (Fed. Cir. 1988); see also Minka

Lighting, Inc. v. Craftmade Int'l, Inc., 93 F. App'x 214, 217 (Fed. Cir. Jan. 16, 2004) (unpublished opinion). Under the doctrine of equivalents, "[t]he scope of a patent is not limited to its literal terms but instead embraces all equivalents to the claims described." Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 731 (2002).

"Prosecution history estoppel acts as one check on application of the doctrine of equivalents . . . by precluding a patentee from regaining, through litigation, coverage of subject matter relinquished during prosecution of the application for the patent." Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc., 103 F.3d 1571, 1577-78 (Fed. Cir. 1997) (internal citations omitted). Whether prosecution history estoppel applies is a question of law. Id. at 1578. The Supreme Court has explained that "a narrowing amendment made to satisfy any requirement of the Patent Act may give rise to an estoppel" and that "[e]stoppel arises when an amendment is made to secure the patent and the amendment narrows the patent's scope." Festo, 535 U.S. at 736. Therefore, "[a] patentee who narrows a claim as a condition for obtaining a patent disavows his claim to the broader subject matter . . . ." Id. at 737.

The patentee of the '070 Patent narrowed the scope of the design in response to a restriction requirement. Although the patentee's application for the '070 Patent included twelve different patent drawings, the examiner determined that the drawings included five patentably distinct designs. (Doc. 219-13 at 4). The examiner thus divided the drawings into five groups and required the patentee to select one group for prosecution. (Id.). The five groups consisted of (1) a marine windshield with a hatch and four circular vent holes, (2) a marine windshield with no hatch and either four circular vent holes or four square vent holes, (3) a marine windshield with a hatch and

4

no vent holes, (4) a marine windshield with no hatch and no vent holes, and (5) a marine windshield with a hatch and either two oblong vent holes or two rectangular vent holes. (Id.). The patentee elected to prosecute the first group and cancel the rest. The patentee then chose to patent separately a design with no vent holes in the corner post, but he chose not to patent separately the designs in the other canceled embodiments.[4]

Plaintiff argues that the amendments made in response to this restriction requirement do not support a finding of estoppel because the restriction requirement was merely "administrative." To support this argument, Plaintiff cites to a number of cases in which district courts gave little or no weight to restriction requirements when deciding whether a patent's scope had been limited during prosecution. E.g., Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., No. C 97–CV–4203 CRB, 2000 WL 34204509, at *16 (N.D. Cal. Feb. 28, 2000) (giving little weight to restriction requirement and noting that examiner had discretion to issue the restriction "[f]or the purpose of case management and to control filing and search fees").

Notably, all of these cases involved utility patents as opposed to design patents. Although Plaintiff states that "[i]f two or more inventions are claimed in one application, the examiner has the discretion to restrict the application to one of them," (Doc. 253 at 16), examiners do not have discretion in restricting design patent applications to a single invention. Design patent applications may not contain more than one inventive concept. MPEP §§ 1504.05, 1502.01(D); see also In re Rubenfield, 270 F.2d 391, 396 (C.C.P.A. 1959). Accordingly, "[r]estriction between plural, distinct inventions is

---

[4] While Plaintiff has pointed out that the patentee did patent separately a design with no vent holes, (Doc. 241 at 17 n.2), Plaintiff has not alleged separate patents for any of the other canceled embodiments.

5

discretionary on the part of the examiner in utility patent applications . . . while it is *mandatory* in design patent applications . . . ." MPEP § 1502.01(D) (emphasis added). When a patentee submits a design patent application containing multiple patentably distinct embodiments, the examiner therefore must issue a restriction limiting the claimed design to a single inventive concept.

Moreover, Plaintiff's argument "ignore[s] the basic foundation of prosecution history estoppel—public notice." Victus Ltd. v. Collezione Europa U.S.A., Inc., No. 2:97cv00138, 48 U.S.P.Q.2d 1145, 1149 (M.D.N.C. 1998). "The prosecution history constitutes a public record of the patentee's representations concerning the scope and meaning of the claims, and competitors are entitled to rely on those representations when ascertaining the degree of lawful conduct, such as designing around the claimed invention." Hockerson-Halberstadt, Inc. v. Avia Grp. Int'l, Inc., 222 F.3d 951, 957 (Fed. Cir. 2000). Allowing Plaintiff to claim infringement despite the cancelled subject matter here would violate the well-established rule that "'subject matter disclosed but not claimed in a patent application is dedicated to the public.'" Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1106 (Fed. Cir. 1996) (quoting Unique Concepts, Inc. v. Brown, 939 F.2d 1558, 1562-63 (Fed. Cir. 1991)).

While prosecuting the '070 Patent, the patentee narrowed the scope of the claimed design to comply with the requirement that design patents may not contain more than one inventive concept. In other words, the patentee narrowed the scope of the claimed design in order to obtain the patent. By acquiescing to the restriction requirement and then choosing not to prosecute separately the canceled embodiments

at issue,[5] the patentee put the public on notice that he had surrendered that subject matter. Thus, the patentee's "failure to prosecute the restricted embodiments resulted in the dedication of those disclosed embodiments to the public." Conmed Corp. v. Ludlow Corp., 235 F. Supp. 2d 109, 122 (N.D.N.Y. 2002).

Although prosecution history estoppel is not a complete bar to asserting equivalents, the patentee's "decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim." Festo, 535 U.S. at 740. Comparing the Defendants' accused design with the patented design and the canceled embodiments, it is clear that the accused design is within the territory between the original claim and the amended claim. Figure 1 of the patented design is reproduced below:



---

[5] As noted above, the patentee obtained a separate patent on a design with no vent holes. The canceled embodiments with no vent holes are not at issue here.

The accused design is reproduced below:



And the relevant canceled embodiment is reproduced below:



Plaintiff "bear[s] the burden of showing that the amendment does not surrender the particular equivalent in question." Id. Plaintiff "'can overcome the presumption that prosecution history estoppel bars a finding of equivalence' by showing: (1) that the equivalent was unforeseeable at the time of the patent application; (2) that the rationale underlying the amendment bore 'no more than a tangential relation to the equivalent in question'; or (3) 'some other reason suggesting that the patentee could not reasonably be expected to have described the [alleged equivalent] in question.'" Voda v. Cordis Corp., 536 F.3d 1311, 1325 (Fed. Cir. 2008) (quoting Festo, 535 U.S. at 740-41).

Plaintiff has failed to overcome this presumption. Plaintiff argues simply that "[n]o design containing three holes was submitted to the patent office" and that "[t]he

8

embodiment arguably forfeited contained <u>two</u> oval holes . . . [and] did not contain <u>three</u> trapezoidal holes found in the accused design." (Doc. 253 at 19).  Although one of the abandoned embodiments contained oval holes, another of the abandoned embodiments contained rectangular holes, as shown above.  While the accused design has one fewer vent hole than that embodiment, the accused design is still clearly within "the territory between the original claim and the amended claim."  <u>Festo</u>, 535 U.S. at 740.  Plaintiff is therefore estopped from claiming that the Defendants' accused design infringes the '070 Patent.

### IV.   Conclusion

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Defendants' Consolidated Motion for Partial Summary Judgment (Doc. 211) is **GRANTED** with respect to non-infringement of the '070 Patent.  The Court reserves ruling on the Defendants' Consolidated Motion for Partial Summary Judgment in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on December 27, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record