UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PACIFIC COAST MARINE WINDSHIELDS LIMITED, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>MALIBU BOATS, LLC, a California limited liability company; MARINE HARDWARE INC., a Washington corporation; and TRESSMARK, INC. d/b/a LIQUID SPORTS MARINE, a Florida corporation, MH WINDOW, LLC, a Washington limited liability company, and JOHN F. PUGH, an individual,<br><br>Defendants. | Case No.: 6:12-cv-00033-JA-DAB |

## ORDER

Having considered the stipulation of the parties (Doc. No. 344), the Court makes the following findings:

1.     On December 27, 2012, the Court issued an Order granting Defendants' Motion for Partial Summary Judgment of Non-Infringement (the "Summary Judgment Order") on the '070 Design Patent Claim. Doc. No. 325.   With the Court's denial of Plaintiff's motion for reconsideration (Doc. No. 343), the Summary Judgment Order is

1

an ultimate disposition of Plaintiff's claim against all Defendants for infringement of the '070 Design Patent. Therefore, for the purposes of Rule 54(b), final judgment may be entered on Plaintiff's sole remaining claim for patent infringement.

2. In light of the following factors, the Court also finds that there is no just cause for delaying the entry of final judgment on Plaintiff's claim of patent infringement:

    a. The finality offered by appellate review of the Court's Summary Judgment Order will, at a minimum, define and/or substantially narrow the issues left to be resolved. If the Federal Circuit affirms the Court's Summary Judgment Order, Plaintiff would have no patent claims remaining in the case, and the Court and the parties will therefore save significant resources. If the Federal Circuit instead reverses the Court's Summary Judgment Order, the parties would be able to address all remaining claims in one trial.

    b. If the Court does not enter final judgment on Plaintiff's '070 patent infringement Claim and the Federal Circuit reverses the Court's Summary Judgment Order post-trial, the parties will likely incur considerable expense and waste precious judicial resources through multiple trials to fully adjudicate all the claims.

    c. The interests of judicial economy and expedient resolution of the entire case warrant immediate review of the Court's Summary Judgment Order. The Federal Circuit's resolution of the issue may facilitate a settlement regardless of its decision.

    d.  There is no risk that the Federal Circuit will be presented with the issue of prosecution history estoppel in any subsequent appeals in this case, because the issue arises only in the context of infringement of the '070 design patent.

  Based on the foregoing findings of the Court and good cause appearing, and because the Court finds that there is no just resolution for delay, the above is approved and so **ORDERED**. Pursuant to Federal Rules of Civil Procedure 54(B), it is **FINALLY ADJUDGED AND DECREED** that Defendants do not infringe U.S. Patent No. D555,070.

  All other aspects of this Proceeding shall be stayed and administratively terminated until after final resolution of the appeal concerning non-infringement of the '070 design patent.

  The Clerk of the Court is directed to stay this case and administratively close this file until further order of the Court.

  **DONE** and **ORDERED** in Chambers, Orlando, Florida this 15 day of January, 2013.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record