**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PACIFIC COAST MARINE**
**WINDSHIELDS LIMITED,**

    **Plaintiff,**

v.                                          Case No: 6:12-cv-33-Orl-28DAB

**MALIBU BOATS, LLC, MARINE**
**HARDWARE, INC., TRESSMARK, INC.,**
**MH WINDOWS, LLC and JOHN F.**
**PUGH,**

    **Defendants.**

## ORDER

This case is before the Court on Defendants' Consolidated Motion for Summary Judgment (Doc. 211) and Plaintiff's Motion for Summary Judgment (Doc. 176). In a prior Order, this Court resolved issues raised in these motions, including patent inventorship, the shop right affirmative defense, and damages. (Order, Doc. 420). This Order addresses the remaining issues pertaining to Plaintiff Pacific Coast Marine Windshields Limited's claim for copyright infringement[1] and Defendant Malibu Boats, LLC's counterclaim for breach of contract.[2] Because Defendants are not entitled to summary judgment on the

---

[1] This case has had three case numbers. (Case No. 6:10-cv-1285, Case No. 6:11-cv-133, and Case No. 6:12-cv-33). Unless otherwise noted, citations to the record are to Case No. 6:12-cv-33. Pacific's copyright claim was not asserted in the most recent Complaint, (Doc. 69), but it was asserted in the First Amended Complaint in Case No. 6:10-cv-1285. (Case No. 6:10-cv-1285, Doc. 37, ¶¶ 42-47). The parties agree that the copyright claim is before the Court. (Joint Notice, Doc. 415).

[2] Other issues were raised in the motions, but the parties represent that those issues have been resolved. (Doc. 415). Pacific also has a remaining claim for trade secret misappropriation, (id.), but that claim is not before the Court on these motions.

issue of copyright infringement and Pacific is not entitled to summary judgment on the issue of breach of contract, the motions must be denied.

## I. Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, a court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, and it may not weigh evidence or determine credibility. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II. Copyright Claim

### A. Background Facts[3]

Defendants move for summary judgment on Pacific's claim of copyright infringement. (Doc. 211 at 30-37). In 2007, Pacific obtained a design patent ("the '070 Patent") for a boat windshield. ('070 Patent, Doc. 69, at 34-38). Pacific also obtained two certificates of registration—Registration Numbers VAu 956-510 and TXu 1-571-279—from the Copyright Office for data and files with computer aided design (CAD) pictures of a windshield. (Certificates of Registration, Docs. 182-4 & 182-5). The certificates of registration have an effective date of February 5, 2008, and they state that the work was

---

[3] The facts in this case are set out extensively in the prior Order on the motions for summary judgment. (Doc. 420). Consequently, detailed facts are not presented in this Order, except those relevant to pending issues.

2

completed in 2006. (Docs. 182-4 & 182-5). Both certificates list the title of the work as "Vent Wing Marine Windshield" and the author as Pacific. (Docs. 182-4 & 182-5).

With its application for registration, Pacific deposited a compact disc containing a representation of the work for which it was seeking copyright protection. (Ex. 1 to Walters Decl., Doc. 182-1).[4] The pictures in the '070 Patent and the copyright deposit materials are similar, but there are some differences. (Id. at 6; Doc. 69 at 34-38). According to Darren Bach, the Chief Executive Officer and owner of Pacific, the image submitted to the Copyright Office is more detailed than the drawings in the '070 Patent and contains "all of the dimensions, geometry and extrusion profiles of the various windshield parts." (Bach Decl., Doc. 254, ¶ 3). The evidence indicates that the files were last saved[5] on January 28, 2008, by someone with the user name "Stevem." (Exs. 6 & 7 to Walters Decl., Docs. 182-6 & 182-7). According to Bach, the deposit materials are "electronic copies" of original computer files and the metadata on the deposited file "merely reflects the date that the copy was made." (Bach Decl., Doc. 254, ¶ 4). Bach also testified that he directed an individual named Steve Michell to create the copies. (Id.).

Defendants argue that the deposit materials accompanying the registration application are defective because there is a significant difference in the design between earlier drawings and the deposit materials and because there are errors in the dates and creators of the documents. (Doc. 211 at 30-37). Pacific responds that it is seeking to

---

[4] Citations to depositions and declarations are indicated by "[Last Name] Dep." or "[Last Name] Decl." Deposition page numbers refer to the individual page of the deposition transcript, not the page of the document on the docket.

[5] Defendants point out that the files also state they were created on January 28, 2008. (Doc. 211 at 32). However, Pacific argues that they were created earlier and then copied on that date for deposit with the Copyright Office. (Doc. 253 at 32 n.17).

enforce a copyright on the CAD files that were filed with the Copyright Office, not the design of the windshield or earlier drawings, and that any errors in the deposit materials are insufficient to render the registration invalid. (Doc. 253 at 29-32).

**B.  Analysis**

"[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made . . . ." 17 U.S.C. § 411(a).  Generally, a certificate of registration issued by the Copyright Office is sufficient to satisfy the requirement of § 411(a), even if it contains inaccurate information. St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, 573 F.3d 1186, 1201 (11th Cir. 2009). However, if "'inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate'" and if "'the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration,'" the prerequisites of § 411(a) have not been met. Id. (quoting 17 U.S.C. § 411(b)(1)).

In addition to a registration application, an individual seeking registration of an unpublished work must deposit a complete copy of the work with the Copyright Office.  17 U.S.C. § 408(b)(1). The deposited material must be a bona fide copy of the original, not merely a reconstruction or later version of the work. See Coles v. Wonder, 283 F.3d 798, 801-02 (6th Cir. 2002); Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211-12 (9th Cir. 1998); Pegasus Imaging Corp. v. Allscripts Healthcare Solutions, Inc., No. 8:08-cv-1770-T-30EAJ, 2010 WL 497720, at *8 (M.D. Fla. Feb. 9, 2010).

Some courts have found that minor errors in a registration application, such as an error in the date of creation, are harmless and that a plaintiff may thus proceed with a copyright infringement suit. See Gallup, Inc. v. Kenexa Corp., 149 F. App'x 94, 96 (3d Cir. 2005); Dynamic Solutions, Inc. v. Planning & Control, Inc., 646 F. Supp. 1329, 1341

4

(S.D.N.Y. 1986). However, other courts have found that if a registrant submits something other than a complete bona fide copy for deposit, the error is material. Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 158 (3d Cir. 2007); see also Geoscan, Inc. of Tex. v. Geotrace Tech., Inc., 226 F.3d 387, 393 (5th Cir. 2000).

Contrary to Defendants' argument that the registration requirement implicates the Court's subject matter jurisdiction, the requirement in § 411(a) "is a precondition to filing a claim," not a jurisdictional predicate. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157 (2010). Deposit materials, part of the registration process, are also a precondition.

Defendants are not entitled to summary judgment on Pacific's copyright claim. The files were deposited to obtain a copyright on the files submitted, not on the windshield or on earlier drawings. (See Docs. 182-1, 182-4, & 182-5). Additionally, the Amended Complaint states that Pacific's copyright claim pertains to the particular files submitted to the Copyright Office. (Case No. 6:10-cv-1285, Am. Compl., Doc. 37, ¶ 43). Defendants' argument that these drawings represented a final design in the evolutionary process, not a bona fide copy of the design, is not well-taken because the copyright was for the files, not an earlier design. See Gallup, 149 F. App'x at 95 ("The words 'material deposited for registration' indicate that the registration attaches to the material deposited . . . .").

Additionally, the fact that metadata of the deposit material included a statement that the material was created in 2008 by a person named "Stevem" does not result in a conclusion that the copyright is void as a matter of law. As noted by Pacific, there is a question of fact as to whether the date appears only because the files were copied on that date for submission to the Copyright Office and whether Steve Michell was erroneously listed as a creator because he was the person who electronically copied Pacific's original

5

files at Bach's direction. (Bach Decl., Doc. 254, ¶ 4). And, even if the deposit materials or registration application contain errors, Defendants have not established or even argued that any errors were made with knowledge or would have caused the Copyright Office to deny the registration. (See Doc. 211 at 30-37; Reply, Doc. 263, at 14). Defendants' motion for summary judgment as to the copyright claim must be denied.

### III.   Breach of Warranty Claim

#### A.   Background Facts

Pacific moves for summary judgment on Malibu's counterclaim of breach of contract based on an express warranty.[6] (Doc. 176 at 26-30). It is undisputed that an express warranty applies to the windshields that Pacific sold to Malibu.[7] (Id. at 26; Doc. 205 at 26-29). The warranty was a "limited warranty covering the quality and workmanship" of Pacific's windshields. (Doc. 177-11 at 9). It provided that "[a]ny product claime[d] to be defective by the purchaser must be returned in [its] original packaging, including the quality control tag supplied with the product" and required a purchaser who noticed a defect to

---

[6] In addition to its express warranty claim, Malibu raises an argument of implied warranty of fitness for a particular purpose for the first time at the summary judgment stage. (Doc. 205 at 28; see also Case No. 6:10-cv-1285, Doc. 45). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Affirmative defenses can be raised for the first time at the summary judgment stage, (see Doc. 420 at 14-15), but Malibu cites no authority that a claim for relief may be raised for the first time at this point. Accordingly, the Court will only consider Malibu's claim for breach of an express warranty.

[7] The counterclaim references a Preferred Supplier Agreement. (Case No. 6:10-cv-1285, Answer & Countercls., Doc. 45, at 17). Pacific and Independent Boat Builders Inc. (IBBI), a marine purchasing cooperative that includes Malibu as a member, (id. at 13; Doc. 176 at 26), entered into the Preferred Supplier Agreement, to which Malibu was not a party. (Ex. 11 to Bach Decl., Doc. 177-11, at 3; see also Case No. 6:10-cv-1285, Doc. 45, at 17). Nevertheless, Pacific acknowledges that an express warranty applied to Malibu. (Doc. 176 at 26). The Court will thus only examine the terms of the express warranty, not the Preferred Supplier Agreement.

contact Pacific immediately and request a return authorization number, known as an RGA. (Id.). Pacific had discretion to either authorize Malibu to "return the goods for repair" or otherwise to "rectify the defect." (Id.). Pacific had a separate "RGA Policy" that set forth certain required procedures for the purchaser to undertake upon noticing a defect. (Id. at 8).

It is undisputed that Malibu had problems with the windshields and that Pacific issued a recall. (See Bach Dep., Doc. 212-18, at 186). Bach maintains that Pacific fully addressed the problems. (Id. at 187). Malibu, however, alleges that it incurred substantial unreimbursed losses because the windshields were defective. (Bennett Decl., Doc. 206, ¶ 4).

Malibu sent a letter to Pacific, claiming a breach of the warranty and asserting entitlement to unreimbursed expenses. (Ex. 10 to Paine Decl., Doc. 180-10). According to Bach, Pacific rejected the warranty claim because Malibu did not comply with the requirements of purchasers to obtain relief under the warranty agreement and because the warranty did not contemplate reimbursement for some of Malibu's claim. (Bach Decl., Doc. 177, ¶ 19). Malibu argues that it was not required to follow the procedures because the RGA Policy was modified by the parties' course of dealing. (Bennett Decl., Doc. 206, ¶¶ 8, 10; Doc. 205 at 28-29). It is uncontested that Pacific provided Malibu with a $219,824 credit for replacement windshields, (Bach Decl., Doc. 177, ¶ 19; Doc. 180-10 at 2); Pacific argues that this was all that was required under the warranty agreement because freight, labor, and materials related to the replacement or repair of defective products were not included in the warranty and because there is no evidence that Malibu incurred such expenses, (Bach Decl., Doc. 177, ¶ 19; Doc. 176 at 27). Malibu, on the other hand, argues

7

that it is still entitled to unreimbursed expenses of at least $436,491. (Doc. 180-10; see also Bennett Decl., Doc. 206, ¶ 4).

### B. Analysis

The parties agree that this issue should be governed by Illinois law,[8] which provides that a party can prevail on a claim for the breach of an express warranty by showing "breach of an affirmation of fact or promise which was made part of the basis of the bargain." Wheeler v. Sunbelt Tool Co., Inc., 537 N.E.2d 1332, 1341 (Ill. App. Ct. 1989). "Since express warranties are contractual in nature, the language of the warranty itself is what controls and dictates the obligations and rights of the various parties." Hasek v. DaimlerChrysler Corp., 745 N.E.2d 627, 634 (Ill. App. Ct. 2001).

A genuine dispute of material fact remains regarding whether Pacific breached its warranty. There is no dispute that a defect caused some economic damage to Malibu, but the existence and amount of unreimbursed expenses of Malibu is contested. Whether Malibu was required to abide by the terms of the RGA Policy is also disputed. Malibu has presented evidence on both of these points, (see Bennett Decl., Doc. 206), and therefore summary judgment for Pacific is unwarranted.

### IV. Conclusion

Having considered the evidence and arguments presented by the parties, the Court concludes that genuine disputes of material fact remain regarding Pacific's copyright claim and Malibu's breach of contract claim. Accordingly, it is hereby **ORDERED** and

---

[8] The Preferred Supplier Agreement between Pacific and IBBI states that the agreement "shall be interpreted under the laws of the State of Illinois." (Doc. 177-11 at 6). Though the warranty agreement that the parties agree applies to Malibu does not have a choice-of-law clause, (id. at 9), the Court will interpret the agreement under the laws of Illinois because the parties agree that Illinois law applies.

**ADJUDGED** that Plaintiff's Motion for Summary Judgment (Doc. 176) and Defendants' Consolidated Motion for Summary Judgment (Doc. 211) are **DENIED** as to these claims.

**DONE** and **ORDERED** in Orlando, Florida, on August 29, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record