# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PACIFIC COAST MARINE
WINDSHIELDS LIMITED,

        Plaintiff,

v.                                   Case No:  6:12-cv-33-Orl-28DAB

MALIBU BOATS, LLC, MARINE
HARDWARE, INC., TRESSMARK, INC.,
MH WINDOWS, LLC and JOHN F.
PUGH,

        Defendants.

_____

## ORDER

This case is before the Court on Plaintiff Pacific Coast Marine Windshields Limited's

Daubert Motion to Exclude Opinions of Defendants' Experts (Doc. 223), Defendants'

Consolidated Motion to Exclude Expert Opinions (Doc. 246), Defendant Malibu Boats,

LLC's Motion for Reconsideration of Order Affirming Rulings on Motions to Exclude Experts

(Doc. 431), and Pacific's Motions in Limine (Doc. 271).

## I.    Motions to Exclude

The parties' motions to exclude expert opinions have been addressed in part by

Magistrate Judge Baker. (Magistrate Judge Order, Doc. 328).  Judge Baker reserved ruling

on certain issues in the motions to exclude expert testimony, which are now before this

Court.  Some of the issues raised in these motions were ruled on by this Court at the final

pretrial conference held on September 4, 2014.  This Order summarizes the *ore tenus*

rulings made at the final pretrial conference and addresses the remaining issues.

## A.    Standard

Federal Rule of Evidence 702 governs expert testimony and provides that if a witness is qualified as an expert, the witness can provide opinion testimony if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  The proponent of the opinion testimony has the burden of establishing each precondition to admissibility by a preponderance of the evidence.  Rink v. Cheminova, Inc., 400 F.3d 1286, 1292 (11th Cir. 2005).   Scientific expert testimony must be both relevant and reliable.  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993).

Trial courts function as gatekeepers with regard to the admission of expert evidence. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004).  "District courts are charged with this gatekeeping function 'to ensure that speculative, unreliable expert testimony does not reach the jury' under the mantle of reliability that accompanies the appellation 'expert testimony.'"  Rink, 400 F.3d at 1291 (quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)).   In carrying out this charge, trial courts are given substantial discretion.  Id.

## B.    Fred Smith

Pacific moves to exclude the testimony of Defendants' expert Fred Smith.  (Pacific's Mot. Exclude at 10-19).  The magistrate judge's Order excluded Smith's opinion testimony as to infringement, anticipation, and the patent examiner's actions, but the Order permitted Smith to testify regarding obviousness.  (See Magistrate Judge Order at 19-26).  This Court affirmed that Order, (Doc. 430), and Malibu's motion for reconsideration of the affirmance

is addressed below. But, the magistrate judge's Order reserved ruling for this Court on the issue of Smith's opinion regarding copyright infringement. (Magistrate Judge Order at 23). At the final pretrial conference, this Court ruled that Smith would be permitted to offer expert opinion on the similarity of the drawings in Pacific's copyright claim, thus denying the motion in part. (Final Pretrial Conference Tr., Doc. 436, at 5-6).

### C.    Philip Green

Pacific also moves to exclude Defendants' expert Philip Green from testifying regarding patent and copyright damages. (Pacific's Mot. Exclude at 19-30). The magistrate judge reserved ruling for this Court on the issue of Green's opinion until this Court ruled on the standard for damages in design patent cases. (Magistrate Judge Order at 2). At the final pretrial conference, the Court ruled that (based on a pretrial summary judgment order (Aug. 22 Order, Doc. 420)) Green would not be able to testify regarding apportionment of profits or windfall. (Final Pretrial Conference Tr. at 13-14).[1] The Court denied the motion to exclude, however, with respect to Green's opinions regarding deductible expenses, finding that he could be cross-examined on that issue. (See id. at 86). The question of whether Green is permitted to testify regarding copyright damages remains pending. (Id.).

"The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to

---

[1] A similar issue raised in the motion to exclude was whether Green could testify regarding Tressmark's unjust enrichment because Green engaged in apportionment in determining patent damages. (Pacific's Mot. Exclude at 29-30). This was not explicitly addressed at the pretrial conference, but the same reasoning is applicable, and Green will not be permitted to testify as to apportionment regarding Tressmark. However, Green may testify in rebuttal as to Tressmark to the extent that he does not testify to apportionment or windfall.

the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).  The profits of the infringing material itself can be separated for computing damages in copyright cases.  See Aerospace Servs. Int'l v. LPA Grp., Inc., 57 F.3d 1002, 1004 (11th Cir. 1995) (upholding the district court's determination "that only a small percentage of the [calculated damages] was actually attributable to the copied material" and the court's subsequent apportionment); Dawes-Ordonez v. Forman, No. 09-60335-CIV, 2009 WL 3273898, at *2 (S.D. Fla. Oct. 9, 2009) (quoting Roulo v. Russ Berrie & Co., Inc., 886 F.2d 931, 941 (7th Cir. 1989)).

Some courts require a "'reasonable relationship' between the infringing activity and the infringer's gross revenues." Thornton v. J Jargon Co., 580 F. Supp. 2d 1261, 1280 (M.D. Fla. 2008); On Davis v. Gap, Inc., 246 F.3d 152, 160 (2d Cir. 2001) ("[W]e think the term 'gross revenue' under the statute means gross revenue reasonably related to the infringement, not unrelated revenues."); see also Andreas v. Volkswagen of Am., Inc., 336 F.3d 789, 796 (8th Cir. 2003).  But, "an infringer who commingles infringing and noninfringing elements 'must abide the consequences, unless he can make a separation of the profits so as to assure to the injured party all that justly belongs to him.'" Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 567 (1985) (quoting Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 406 (1940)).

In calculating copyright damages, Green used the same apportionment formula that he used to calculate unjust enrichment for patent damages.  (Green Rebuttal Expert

Report, Doc. 224-3, at 7-8). Pacific argues that Green's entire opinion should be excluded with regard to copyright damages because, contrary to the copyright statutory standard, Green calculated only the profits of the windshield and offered no opinion as to whether profits from Malibu's boats can be attributed to factors other than infringement.[2] (Pacific's Mot. Exclude at 28-29). Defendants respond that Green's testimony has support in the record and that he was not required to offer an opinion regarding whether any profits can be attributed to anything other than copyright infringement. (Malibu's Opp'n, Doc. 250, at 11).

Because copyright damages may be apportioned in calculating damages under copyright infringement, Green's testimony will not be wholly excluded. Defendants may present Green's testimony in seeking to prove what portions of the profits are due to noninfringing materials. Pacific's motion to exclude experts will thus be denied in part.

### D.   Lorraine Barrick

Defendants move to exclude the opinions of Pacific's damages expert, Lorraine Barrick. (Defs.' Mot. Exclude at 13-23). The magistrate judge reserved ruling on that issue for this Court, pending its damages ruling. (Magistrate Judge Order at 2). At the final pretrial conference, Defendants conceded that the Court's summary judgment ruling resolved this issue to the extent they sought to exclude Barrick's opinion based on the standard to be applied under 35 U.S.C. § 289. (Final Pretrial Conference Tr. at 69). The Court denied Defendants' motion with respect to Barrick's application of § 289, her profit

---

[2] Pacific also argues that Green's testimony should be excluded under the Case Management and Scheduling Order but does not specify why the Case Management and Scheduling Order demands exclusion. (Pacific's Mot. Exclude at 29). The Court has thus not considered this argument.

calculations, and her opinion regarding damages arising from alleged trade secret misappropriation. (See id. at 85-86, 88). The Court reserved ruling, however, on Defendants' arguments as to Barrick's opinion regarding copyright damages.[3] (Id. at 86).

Defendants argue that Barrick's testimony as to copyright infringement should be excluded because she incorrectly opines as to the profits arising from sales of entire boats instead of the gross revenue related to the allegedly infringing sales. (Defs.' Mot. Exclude at 21). Defendants also contend that Barrick incorrectly ignored expenses that were necessary to generate the infringing sales. (Id. at 22). Pacific responds that it is Defendants' burden to prove the elements of profits that are due to factors other than the copyrighted material and that Barrick thus is not required to form an opinion on that issue. (Pacific's Opp'n, Doc. 256, at 24-25).

Profit from boats containing the allegedly infringing windshield is "reasonably related" to any copyright infringement by Defendants. Because it is Defendants' burden to prove how much of its profits arose from noninfringing material, Barrick may testify as to the total profits gained from the boats with the infringing windshields, and Defendants' experts may testify as to what profits are not attributable to the windshield. Accordingly, the motion to exclude as to Barrick is denied.

### E.   Robert Anders

Defendants also move to exclude the opinions of Pacific's expert Robert Anders. (Defs.' Mot. Exclude at 23-36). The magistrate judge found that Anders could testify with

---

[3] At one point in the final pretrial conference, the Court stated it denied the motion to exclude Barrick's testimony regarding copyright damages, but at other times the Court made it clear that it was reserving ruling on the issue of copyright damages. (See Final Pretrial Conference Tr. at 86). This Order is in accordance with the statement denying the motion but more fully explains the Court's reasoning.

respect to copyright infringement and to his "comparison of the design patent, the commercial embodiment, and accused product, and his analysis of the prior art" but deferred to this Court ruling with regard to Mr. Anders's opinions regarding the inventorship of the '070 Patent.   (Magistrate Judge Order at 19).   Defendants argue that Anders improperly weighs credibility with regard to inventorship, which is a role for the jury and should be excluded. (Defs.' Mot. Exclude at 35).  At the final pretrial conference, the Court reserved ruling on Defendants' arguments regarding excluding Anders's testimony to the extent it weighs credibility of the witnesses. (See Final Pretrial Conference Tr. at 81, 88).

In discussing inventorship in his expert rebuttal report, Anders analyzed the design process.   He ultimately concluded that Bach was the sole inventor.   (Anders Expert Rebuttal Report, Doc. 234-6, at 11 ("This logical, sequential design development process was carried out by Bach, and Bach alone.")).   As determined by this Court in a previous summary judgment order, inventorship of the '070 Patent remains an issue of fact for the jury to determine based on its assessment of the credibility of the witnesses. (See Aug. 22 Order at 13-14).   The determination of witnesses' credibility is not properly within the domain of expert opinion.  Tyco Healthcare Grp., LP v. Applied Med. Res. Corp., No. 9:06-CV-151, 2009 WL 5842063, at *4 (E.D. Tex. Mar. 30, 2009) ("There is no 'scientific, technical, or other specialized knowledge' involved in these portions of [the expert's report that offered opinions on witnesses' credibility] . . . . [T]he jury is perfectly able to make such a determination on its own.").   In addition, Anders has not provided a sufficient basis for his conclusion that Bach is the sole inventor of the design in the '070 Patent. Accordingly, Defendants' motion to exclude Anders's testimony will be granted to the extent

that Anders will be prohibited from opining on his conclusions as to credibility, which are contained in paragraphs three and four of Section IV of his rebuttal report.

### F.    Jeffrey Seyler

Defendants also moved to exclude the opinions of Pacific's expert Jeffrey Seyler. (Defs.' Mot. Exclude at 36-43).  At the final pretrial conference, the Court found that the only issue that the magistrate judge had deferred ruling on was rendered moot by the summary judgment order as to patent damages.  (Final Pretrial Conference Tr. at 88). Defendants' motion as to Jeffrey Seyler has been denied in its entirety.

## II.    Malibu's Motion for Reconsideration

### A.    Standard

The Federal Rules of Civil Procedure allow for reconsideration of orders or judgments in certain circumstances. See Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b).  A motion for reconsideration may be granted if there is "newly-discovered evidence or manifest errors of law or fact." Smith v. Ocwen Fin., 488 F. App'x 426, 428 (11th Cir. 2012). Reconsideration may also be granted if there has been an intervening change in the controlling law or to prevent manifest injustice.  Raiford v. Nat'l Hills Exch., LLC, No. CV 111-152, 2014 WL 97359, at *1 (S.D. Ga. Jan. 8, 2014).  "A motion for reconsideration cannot," however, "be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Smith, 488 F. App'x at 428. This standard applies to rulings, such as the one challenged here, that are non-final. Merrett v. Liberty Mut. Ins. Co., No. 3:10-cv-1195-J-12MCR, 2013 WL 5289095, at *1 (M.D. Fla. Sept. 19, 2013).

**B.     The Supplemental Report**

In its motion for reconsideration (Doc. 431), Malibu requests that the Court reconsider, in light of Smith's Supplemental Expert Rebuttal Report (Notice, Doc. 401; Ex. A to Doc. 401), its Order affirming the magistrate judge's order that excluded in part Fred Smith's testimony regarding the points-of-novelty analysis. This supplemental report, filed on June 24, 2014, was not in existence at the time the motions to exclude were filed. Malibu did not reference the supplemental report in its Objections or in any supplemental briefing. (Malibu's Objections, Doc. 371). Pacific responds that the supplemental report cannot serve as a basis for reconsideration, in part because Malibu's argument regarding the points-of-novelty test has already been considered and rejected by the Court and the disclosure of the supplemental report did not comply with the Case Management and Scheduling Order and thus Pacific would be prejudiced.[4] (Pacific's Opp'n to Mot. Recons., Doc. 435, at 2-3).

Pacific's arguments are well-taken. As noted by Pacific, the magistrate judge, and this Court, Smith stated in his deposition that he relied on the points-of-novelty analysis in forming his opinions. (Smith Dep., Doc. 224-4, at 162; 168-70). A simple disavowal that he utilized the points-of-novelty test, (Smith Supplemental Report, Doc. 401-1, at 3), filed only after an order to exclude his opinion on that basis, is not sufficient to show that Smith did not rely on the points-of-novelty analysis. Additionally, the supplemental report was filed well after the time period allowed in the amended case management schedule (Doc. 145), and Malibu did not request an extension of that deadline or permission to file the

---

[4] Among other arguments, Pacific also contends that Smith's supplemental report should be excluded because he opines on prosecution history estoppel, an issue which has been determined by the Federal Circuit in this case. This issue is addressed below.

additional report.  Malibu has not shown good cause for this delay, and in any event, Malibu should have requested leave to submit the supplemental report.[5]  As a result of Malibu's failure to disclose the supplemental report under the time limits set forth, testimony based on the supplemental report will be excluded.  (See Case Management and Scheduling Order, Doc. 53, at 3).

### C.    Colorable Imitation

In its motion for reconsideration, Malibu requests clarification that Smith may testify regarding the colorable imitation standard for surrendered designs.  (Mot. Recons. at 4).  Malibu argues that the Federal Circuit did not rule on the issue of whether abandonment of a design during patent prosecution extended to colorable imitations of the design.  (Id.).  Pacific responds that the Federal Circuit "unequivocally concluded" that the doctrine of prosecution history estoppel does not bar Pacific's claim.  (Pacific's Opp'n to Mot. Recons. at 5).  Though Smith's supplemental report will be excluded on other grounds, the Court addresses the issue of the relevance of prosecution history estoppel because counsel for Malibu indicated that it intends to raise that issue as a defense.  (Final Pretrial Conference Tr. at 35).

In its ruling on prosecution history estoppel, the Federal Circuit stated: "At oral argument, the defendant disclaimed the theory that the three-hole design was a colorable imitation of the surrendered two-hole embodiment.  Under these circumstances, we need not decide whether the scope of the surrender is measured by the colorable imitation

---

[5] The judgment ordering a remand of this case was issued from the Federal Circuit on January 8, 2014, (Doc. 354), and the mandate issued on April 3, 2014, (Doc. 355).  The parties had a status conference before this Court on April 28, 2014.  (Mins., Doc. 361).  The supplemental report was not filed until June 24, 2014.  Malibu had sufficient time to obtain the supplemental report and to move for leave to file the supplemental report.

standard." <u>Pacific Coast Marine Windshields Ltd. v. Malibu Boats, LLC</u>, 739 F.3d 694, 705

(Fed. Cir. 2014).   The court held "that prosecution history estoppel principles do not bar

Pacific Coast's infringement claim . . . ." <u>Id.</u>  The issue here is whether the Federal Circuit's

holding precludes Defendants from now asserting a prosecution history estoppel defense.

It does.  Malibu did not merely fail to make an argument regarding colorable imitation;

according to the Federal Circuit, Malibu "disclaimed the theory that the three-hole design

was a colorable imitation of the surrendered two-hole embodiment."  Having disclaimed

that theory on appeal, and Pacific and the Federal Circuit having relied on that disclaimer,

Malibu cannot now reassert the theory.   Thus, Smith will not be permitted to testify

regarding the colorable imitation standard for surrendered designs.

## III.   Pacific's Motion in Limine

Pacific's motion in limine was granted in part and denied in part at the final pretrial

conference, and the Court reserved ruling on only one issue, involving whether Defendants

should be prohibited from asserting the affirmative defense of prosecution history

estoppel,[6] (Final Pretrial Conference at 43), which Pacific argues Defendants failed to

adequately plead, (Pacific's Mot. in Limine at 13-14).   For the reasons stated above,

Defendants will be prohibited from introducing evidence regarding prosecution history

estoppel, so Pacific's motion in limine will be granted in part.

---

[6] The motion in limine also raised this issue regarding shop right, but the Court made clear at the Final Pretrial Conference that given the facts of this case, the shop right defense is not available to Defendants.  (Final Pretrial Conference Tr. at 31; <u>see also</u> Aug. 22 Order at 15, 18-19).  For this reason, the motion in limine was granted in part, and Defendants will be prohibited from raising the shop right defense at trial.  (Final Pretrial Conference Tr. at 43).

IV.     **Conclusion**

Having considered the motions and responses, it is hereby **ORDERED** and **ADJUDGED** that:

1.      Defendants' motion to exclude expert opinions (Doc. 246) is granted in part and denied in part, as stated herein and at the final pretrial conference;

2.      Pacific's motion to exclude expert opinions (Doc. 223) is granted in part and denied in part, as stated herein and at the final pretrial conference;

3.      Malibu's motion for reconsideration (Doc. 431) is denied; and

4.      Pacific's motion in limine (Doc. 271) is granted in part and denied in part, as stated herein and at the final pretrial conference.

**DONE** and **ORDERED** in Orlando, Florida, on September 14, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties